### FOLKES et al. v. MITCHELL.

(District Court, S. D. New York. November 21, 1921.)

Mines and minerals ⬤⟹57—Contract for lease held not to require drilling before lease was executed.

Where a contract for the execution of a lease provided the lease should give defendant the right to enter on the land and drill, subject to the conditions stated, and a subsequent paragraph provided that the lessee should proceed with due diligence, and make every effort to start the well within two months, and to drill at least one well on the premises, with permission to drive other wells, the whole paragraph containing those provisions was intended to be incorporated into the lease, and the clause limiting the time within which the work should be begun was not to operate before the lease went into effect, especially in view of a provision in the next to the last paragraph which provided the lessee might enter before the lease was executed.

O. D. Batchelor, of New York City, for plaintiffs.
Bandler & Haas, of New York City, for defendant.

LEARNED HAND, District Judge. The contract is for the execution of a lease. The second paragraph provides that the plaintiffs shall execute a lease in the general form customarily used in the local-

ity, which shall grant the defendant "the right to enter upon the land and to drill, etc.," subject, however, to the conditions and provisions hereinafter stated. The only such "conditions and provisions are those contained in the next paragraph but one. They are that the lessee shall proceed with due diligence, and make every effort to start the same within two months from the date hereof, to drill at least one well upon the premises." The expenses and profits of that well are then provided. Permission is given to drive other wells. All this must refer to the provisions of the proposed lease, for the reason suggested; i. e., that there are no other "provisions" in the agreement. This is further corroborated by the next paragraph, which states that "the lease herein agreed to be executed shall carry out the above provisions." What provisions can these be? Obviously the third paragraph cannot be cut in half, and the first clause alone exscinded from the rest. The whole third paragraph was, I think, to be incorporated into the lease, and the first clause was not to operate before it went into effect.

Finally, to make assurance doubly sure, I can see no possible significance in the last paragraph but one, if my interpretation be wrong. It could surely not have been necessary to give the lessee a right of entry, if he was already under positive obligation to enter and drive a well. The use of the word "may" is clearly permissive; i. e., it means that before the lease he has the option to begin. More could be said for this argument if there were merely an option to enter, but the option extends to "begin operations"; i. e., to begin driving a well. That is absolutely inconsistent with any duty to do so.

Finally, I may say that it would be a harsh construction which should compel the proposed lessor to expend money on the ground before he got the security of a lease. I do not mean that in any case any contract had been formed because of the vagueness as to the terms of the lease. I am taking that in the plaintiff's favor, for the sake of argument. Even so there is no cause of action pleaded.

Demurrer sustained, with leave to respondent to answer within 20 days.